## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

GENENTECH, INC., and CITY OF HOPE )
                                 )
          Plaintiffs, )
                                 )
     v. )
                                 )  C.A. No. _____
IMMUNEX RHODE ISLAND CORP. and )
AMGEN INC. )
                                 )  JURY TRIAL DEMANDED
        Defendants. )

PUBLIC VERSION FILED:
APRIL 08, 2019

## COMPLAINT FOR PATENT INFRINGEMENT AND DECLARATORY JUDGMENT

In view of the Court's Order (D.I. 318) in Civil Action No. 17-1407-CFC,

Plaintiffs Genentech, Inc., and City of Hope, by their attorneys, for their Complaint, allege as

follows:

### NATURE OF THE CASE

1.      In November 2016 Amgen filed Abbreviated Biologics License Application

(aBLA) No. 761028 with the Food and Drug Administration under 42 U.S.C. § 262(k), seeking

approval of ABP 215 (to be marketed by Amgen under the brand name "MVASI") as a

"biosimilar" to Genentech's best-selling anticancer therapy Avastin® (bevacizumab), and

approval to use Amgen's facility in Thousand Oaks, California as the intended site for

commercial manufacturing of drug substance.  The manufacture and sale of bevacizumab is

protected by a portfolio of patents Genentech owns or exclusively controls.

2.      In August 2018 Amgen filed Supplemental Biologics License Application (sBLA)

No. ▮▮▮▮▮ with the Food and Drug Administration, seeking approval to ▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ by Amgen and Immunex

as ███████████████   Amgen's sBLA seeks approval to use the ABP 215 drug substance

███████████████   in making the MVASI drug product.

3.      Under the Biologics Price Competition and Innovation Act ("BPCIA"), filing an

aBLA or sBLA seeking regulatory approval to manufacture and sell a "biosimilar" medicine

constitutes an act of infringement, *see* 35 U.S.C. § 271(e)(2), although the innovator company

(or "reference product sponsor") may not file suit without first complying with certain

requirements of 42 U.S.C. § 262(*l*), in particular providing the applicant with notice that the

proposed manufacture and sale would infringe patents the reference product sponsor owns or to

which it has exclusive rights.  Genentech provided Amgen with the required notice by letter

dated October 18, 2018.

4.      The procedure set out in 42 U.S.C. § 262(*l*), known in industry parlance as the

"patent dance," is designed to narrow or eliminate disputes over infringement prior to FDA

approval and commercialization of the biosimilar product, and to ensure the "reference product

sponsor" has received enough information about the proposed biosimilar and the applicant's

plans to commercialize it to assert its patents.  The BPCIA directs exchanges of certain

information between the reference product sponsor and the subsection (k) applicant, after which

the reference product sponsor is authorized to initiate litigation within thirty days in the venue of

its choosing.

5.      Participation in the "patent dance" is not required of applicants, and Amgen

elected not to do so with respect to its application for approval to manufacture and sell Mvasi

drug substance ███████████████   Upon notice from Amgen that it did not plan

to participate in the "patent dance," Plaintiffs therefore promptly brought this action to address

Amgen's infringement stemming from Amgen's sBLA filing ███████████████████
████

6.      These claims are in addition to those brought in Case Nos. 17-1407-CFC (D. Del.) and 17-1471-CFC (D. Del.), which Plaintiffs filed following the "patent dance" that took place with respect to the filing of Amgen's aBLA No. 761028.

## THE PARTIES, JURISDICTION, AND VENUE

7.      Genentech, Inc. is a corporation organized under the laws of the State of Delaware, with its principal place of business at 1 DNA Way, South San Francisco, California 94080.

8.      City of Hope is a California not-for-profit organization, with its principal place of business at 1500 East Duarte Road, Duarte, California 91010.  City of Hope co-owns with Genentech U.S. Patent Nos. 6,331,415 and 7,923,221 relating to the process for manufacturing bevacizumab and other recombinant antibodies.

9.      Amgen Inc. is a corporation organized under the laws of the State of Delaware, with its principal place of business at One Amgen Center Drive, Thousand Oaks, California 91320.  Amgen is in the business of, among other things, manufacturing biologic drugs and marketing, distributing, offering for sale, and selling them throughout the United States and in the State of Delaware.  Long an innovator company, Amgen has recently entered the business of copying biologic medicines invented by other companies and seeking to invalidate the patents protecting those products.

10.     Immunex Rhode Island Corp. is a corporation organized under the laws of the State of Delaware.  Upon information and belief, Immunex has a principal place of business at 40 Technology Way, West Greenwich, Rhode Island 02817.  Immunex is in the business of, among other things, manufacturing biologic drugs.  Upon information and belief based upon

statements contained in Exhibit 21 to Amgen's Form 10-K for fiscal year 2017, Immunex is a

subsidiary of Amgen Inc. that operates under the direction and control of Amgen Inc.

11.     Plaintiffs' claims for patent infringement arise under the patent laws of the United

States, Title 35 of the United States Code, Title 42 of the United States Code, and the

Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202.  This Court has subject matter jurisdiction

pursuant to 28 U.S.C. §§ 1331 and 1338(a).

12.     This Court has personal jurisdiction over Amgen because it is incorporated in the

State of Delaware; because Amgen sought approval to engage in the commercial manufacture,

use, offer for sale, sale, and/or importation of ABP 215 in the United States, including in the

State of Delaware; and because Amgen intends to market, distribute, offer for sale, and/or sell

ABP 215 in the United States, including in the State of Delaware, deriving substantial revenue

therefrom.

13.     In addition, Amgen has consented to jurisdiction in the State of Delaware in

numerous prior cases arising out of its manufacture, use, offer for sale, sale, and/or importation

of Amgen pharmaceutical products in the United States, including in the State of Delaware.  This

includes cases Amgen has initiated as the plaintiff.

14.     This Court has personal jurisdiction over Immunex because it is incorporated in

the State of Delaware.

15.     Because Amgen and Immunex are incorporated in Delaware, venue is proper in

this district pursuant to 28 U.S.C. § 1400(b).  In addition, Amgen has consented to venue in this

district repeatedly.

## FACTUAL BASIS FOR RELIEF

16.     Shortly after Plaintiffs received a copy of Amgen's sBLA No. ██████████

Genentech notified the Court that it was reviewing the filing to determine what patents Amgen

has and/or will infringe by having Immunex ████████████████████████████ ████████████████████████████ described in Amgen's FDA filing.  *See* Transcript of hearing (October 10, 2018) ("So we've gotten that application.  We are reviewing it.  The [BPCIA] gives us a period of time."); *see also* Tr. 122:18-25 (Genentech's counsel explaining that Amgen's new application would result in a third lawsuit between the parties).

17.     On October 18, 2018, pursuant to 42 U.S.C. § 262(*l*)(3)(A), Genentech timely served Amgen with the following list of patents that it believed could reasonably be asserted against Amgen's proposed Mvasi product based upon its review of Supplemental Biologics License Application No.█████████

| US Patent No. | Issue Date | First Named Inventor |
| --- | --- | --- |
| EX A -- 6,331,415 | Dec. 18, 2001 | Cabilly |
| EX B -- 6,407,213 | June 18, 2002 | Carter |
| EX C -- 6,417,335 | July 9, 2002 | Basey |
| EX D -- 6,620,918 | Sept. 16, 2003 | Ansaldi |
| EX E -- 7,060,269 | June 13, 2006 | Baca |
| EX F -- 7,169,901 | Jan. 30, 2007 | Baca |
| EX G -- 7,622,115 | Nov. 24, 2009 | Fyfe |
| EX H -- 7,923,221 | April 12, 2011 | Cabilly |
| EX I -- 8,512,983 | Aug. 20, 2013 | Gawlitzek |
| EX J -- 8,574,869 | Nov. 5, 2013 | Kao |
| EX K -- 9,441,035 | Sept. 13, 2016 | Carvalhal |
| EX L -- 9,493,744 | Nov. 15, 2016 | Shiratori |
| EX M -- 9,714,293 | Jul. 25, 2017 | Gawlitzek |
| EX N -- 9,795,672 | Oct. 24, 2017 | Fyfe |

18.     Although partially overlapping with the patents Genentech previously identified as likely infringed by the manufacture at Amgen's Thousand Oaks facility,, sale, and use of

Mvasi and described in Amgen's first application for FDA approval in 2016, the new list

directed at ███████████████████████████████ identified two method-

of-manufacturing patents that were not included on the prior lists:  U.S. Patent Nos. 9,493,744

and 9,714,293.

19.     Under the BPCIA, Amgen had sixty days from receipt of Genentech's list of

patents to serve a "detailed statement" addressing each patent on the list, explaining why each

such patent is invalid, unenforceable, or not infringed (42 U.S.C. § (*l*)(3)(B)(ii)(I)) or

representing that Amgen would not begin commercial marketing of ABP 215 before that patent

expires (42 U.S.C. § 262(*l*)(3)(B)(ii)(II)).

20.     Amgen declined to do so. ████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████

21.     In the interim, ████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████

22.     Plaintiffs therefore bring this action for infringement, declaratory judgment, and

additional appropriate relief, specifically an order declaring that the manufacture, use, offer for

sale, and/or sale of Amgen's ABP 215████████████████████ infringes

Genentech's intellectual property rights.

## Count 1
## (Infringement and Declaration of Infringement of the '415 Patent Under
## 35 U.S.C. § 271(a) and (g))

23.     Plaintiffs incorporate each of the preceding paragraphs as if fully set forth herein.

ME1 30014244v.1

24.     United States Patent No. 6,331,415 ("the '415 patent") (Exhibit A hereto), was duly and legally issued on Dec. 18, 2001.

25.     Genentech and City of Hope are co-owners of all right, title, and interest in the '415 patent.

26.     Amgen and Immunex have infringed claims 1, 2, 11, 18, 19, 20, and 33 of the '415 patent in violation of 35 U.S.C. § 271(a) and (g) in connection with ███████████ ██████████ ABP 215 drug substance, and/or offering to sell, selling,  and/or using it within the United States.  According to ████████████████████████████ ██████████████████████████████████████████████████████ ████████████████████████████████████████████ ██████████████████████████████████████████████████████ ██████████████████████████████████████████████████████████ ██████████████████████████████████████████████████████ █████████████████████████████████████████████████████ ██████████████████████████████████████

27.     Amgen has had knowledge of the '415 patent for over a decade.  Amgen has previously licensed the '415 patent from Genentech, paying substantial royalties to Genentech in connection with such license agreements.  Amgen's infringement of the '415 patent in connection with Mvasi was willful.

28.     As a result of Amgen and Immunex's infringement of the '415 patent, Plaintiffs have suffered irreparable injury.  Unless Amgen and Immunex are enjoined from further use of material made by infringing the '415 patent at ████████████████, Plaintiffs will suffer additional irreparable injury.  Plaintiffs have no adequate remedy at law.

ME1 30014244v.1

29.     As a consequence of Amgen and Immunex's infringement of the '415 patent, Plaintiffs have suffered damages in an amount not yet determined, but no less than a reasonable royalty.

30.     Amgen's willful, wanton, and deliberate infringement of the '415 patent justifies an award to Plaintiffs of increased damages under 35 U.S.C. § 284, and attorneys' fees and costs incurred under 35 U.S.C. § 285.

31.     Plaintiffs are entitled to a declaration that Amgen and Immunex infringed the '415 patent in violation of 35 U.S.C. § 271(a) and (g) ███████████████████████ ████████ and/or using such drug substance within the United States.

32.     Plaintiffs are entitled to a declaration that Amgen's infringement of the '415 patent was and will be willful.

## Count 2
## (Infringement of the '213 Patent Under 35 U.S.C. § 271(e))

33.     Plaintiffs incorporate each of the preceding paragraphs if fully set forth herein.

34.     United States Patent No. 6,407,213 ("the '213 patent") (Exhibit B hereto), was duly and legally issued on June 18, 2002.

35.     Genentech is the owner of all right, title, and interest in the '213 patent.

36.     The '213 patent has not yet expired.

37.     The '213 patent was included on the list of patents provided by Genentech to Amgen pursuant to 42 U.S.C. § 262(*l*)(3)(A) on October 18, 2018. ███████████████



The '213 patent is a patent that could be identified pursuant to § 262(*l*)(3)(A)(i).

ME1 30014244v.1

38.   ████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████

███████████████████████████████

39.   On information and belief, Amgen intends to, and will, offer for sale and/or sell within the United States MVASI made using ABP 215 drug substance ██████████████ ███████████ On information and belief, Amgen intends to, and will ████████████ ████████████████████████ (which is within the United States).

40.   The submission of Amgen's sBLA to the FDA to obtain approval to engage in the ████████████████████████████████████████ and to engage in the marketing and sale of MVASI made using such drug substance before the expiration of the '213 patent is an act of infringement of one or more claims of the '213 patent under 35 U.S.C. § 271(e)(2)(C).

41.   Amgen has infringed claims 25, 63, 65-67, 69, 71-73, and 75-78 of the '213 patent.  The infringing product is the ABP 215 drug substance.

42.   Genentech will be irreparably harmed if Amgen is not enjoined from infringing one or more claims of the '213 patent.  Genentech is entitled to injunctive relief under 35 U.S.C. § 271(e)(4)(B) preventing Amgen from any further infringement.  Genentech has no adequate remedy at law.

43.   Amgen's ████████████████████████████████ use of such drug substance within the United States, offer for sale within the United States of MVASI made using such drug substance, and/or sale within the United States of MVASI using such drug

substance before the expiration of the '213 patent will cause Genentech injury, entitling

Genentech to damages or other monetary relief under 35 U.S.C. § 271(e)(4)(C).

### Count 3
### (Infringement and Declaration of Infringement of the '213 Patent Under
### 35 U.S.C. § 271(a))

44.     Plaintiffs incorporate each of the preceding paragraphs as if fully set forth herein.

45.     Amgen and Immunex have infringed claims 25, 63, 65-67, 69, 71-73, and 75-78

of the '213 patent in violation of 35 U.S.C. § 271(a) ▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ABP 215

drug substance, and/or offering to sell, selling, and/or using it within the United States.

46.     Amgen's infringement of the '213 patent was willful.  Amgen has been on notice

of the '213 patent since no later than March 2017, when Genentech identified the '213 patent to

Amgen in contentions served pursuant to the 42 U.S.C. § 262(*l*)(3)(A).

47.     As a result of Amgen and Immunex's infringement of the '213 patent, Genentech

has suffered irreparable injury.  Unless Amgen and Immunex are enjoined from infringing the

'213 patent, Genentech will suffer additional irreparable injury.  Genentech has no adequate

remedy at law.

48.     As a consequence of Amgen and Immunex's infringement of the '213 patent,

Genentech has suffered damages in an amount not yet determined, but no less than a reasonable

royalty.

49.     Amgen's willful, wanton, and deliberate infringement of the '213 patent justifies

an award to Genentech of increased damages under 35 U.S.C. § 284, and attorneys' fees and

costs incurred under 35 U.S.C. § 285.

50.     Genentech is entitled to a declaration that Amgen and Immunex infringed and will

infringe claims 25, 63, 65-67, 69, 71-73, and 75-78 of the '213 patent in violation of 35 U.S.C.

§ 271(a) ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ using such drug substance

within the United States, offering for sale within the United States MVASI made using such drug

substance, and/or selling within the United States MVASI made using such drug substance.

51.     Genentech is entitled to a declaration that Amgen's infringement of the '213

patent was and will be willful.

## Count 4
## (Infringement of the '335 Patent Under 35 U.S.C. § 271(e))

52.     Plaintiffs incorporate each of the preceding paragraphs as if fully set forth herein.

53.     United States Patent No. 6,417,335 ("the '335 patent") (Exhibit C hereto), was

duly and legally issued on July 9, 2002.

54.     Genentech is the owner of all right, title, and interest in the '335 patent.

55.     The '335 patent has not yet expired.

56.     The '335 patent was included on the list of patents provided by Genentech to

Amgen pursuant to 42 U.S.C. § 262(*l*)(3)(A) on October 18, 2018. ███████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

███████  The '335 patent is a patent that could be identified pursuant to § 262(*l*)(3)(A)(i).

57.     ████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████

58.     On information and belief, Amgen intends to, and will, offer for sale and/or sell

within the United States MVASI made using ABP 215 drug substance ███████████████

████████████    On information and belief, Amgen intends to, and will ████████████████████

████████████████████████████ (which is within the United States).

59.     The submission of Amgen's sBLA to the FDA to obtain approval to engage in the

████████████████████████████████████████████ and to engage in

the marketing and sale of MVASI made using such drug substance before the expiration of the

'335 patent is an act of infringement of one or more claims of the '335 patent under 35 U.S.C.

§ 271(e)(2)(C).

60.     Amgen has infringed claims 1, 3, and 7 of the '335 patent.  The infringing process

is ████████████████████████████████████████████████████

████████████████████████

61.     Genentech will be irreparably harmed if Amgen is not enjoined from infringing

one or more claims of the '335 patent.  Genentech is entitled to injunctive relief under 35 U.S.C.

§ 271(e)(4)(B) preventing Amgen from any further infringement.  Genentech has no adequate

remedy at law.

62.     Amgen's ████████████████████████████████ use of

such drug substance within the United States, offer for sale within the United States of MVASI

made using such drug substance, and/or sale within the United States of MVASI using such drug

substance before the expiration of the '335 patent will cause Genentech injury, entitling

Genentech to damages or other monetary relief under 35 U.S.C. § 271(e)(4)(C).

## Count 5
### (Infringement and Declaration of Infringement of the '335 Patent Under
### 35 U.S.C. § 271(a) and (g))

63.     Plaintiffs incorporate each of the preceding paragraphs as if fully set forth herein.

64.     Amgen and Immunex have infringed claims 1, 3, and 7 of the '335 patent in violation of 35 U.S.C. § 271(a) and (g) ███████████████████████ ABP 215 drug substance, and/or offering to sell, selling, and/or using it within the United States.

65.     Amgen's infringement of the '335 patent was willful.  Amgen has been on notice of the '335 patent since no later than March 2017, when Genentech identified the '335 patent to Amgen in contentions served pursuant to the 42 U.S.C. § 262(*l*)(3)(A).

66.     As a result of Amgen and Immunex's infringement of the '335 patent, Genentech has suffered irreparable injury.  Unless Amgen and Immunex are enjoined from infringing the '335 patent, Genentech will suffer additional irreparable injury.  Genentech has no adequate remedy at law.

67.     As a consequence of Amgen and Immunex's infringement of the '335 patent, Genentech has suffered damages in an amount not yet determined, but no less than a reasonable royalty.

68.     Amgen's willful, wanton, and deliberate infringement of the '335 patent justifies an award to Genentech of increased damages under 35 U.S.C. § 284, and attorneys' fees and costs incurred under 35 U.S.C. § 285.

69.     Genentech is entitled to a declaration that Amgen and Immunex infringed and will infringe claims 1, 3, and 7 of the '335 patent in violation of 35 U.S.C. § 271(a) and (g) ██ ████████████████████████████████ using such drug substance within the United States, offering for sale within the United States MVASI made using such drug substance, and/or selling within the United States MVASI made using such drug substance.

70.     Genentech is entitled to a declaration that Amgen's infringement of the '335 patent was and will be willful.

## Count 6
## (Infringement of the '918 Patent Under 35 U.S.C. § 271(e))

71.　　Plaintiffs incorporate each of the preceding paragraphs as if fully set forth herein.

72.　　United States Patent No. 6,620,918 ("the '918 patent") (Exhibit D hereto), was duly and legally issued on Sept. 16, 2003.

73.　　Genentech is the owner of all right, title, and interest in the '918 patent.

74.　　The '918 patent has not yet expired.

75.　　The '918 patent was included on the list of patents provided by Genentech to Amgen pursuant to 42 U.S.C. § 262(*l*)(3)(A) on October 18, 2018. ▇▇▇▇▇▇▇▇▇▇▇▇

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

▇▇▇▇ The '918 patent is a patent that could be identified pursuant to § 262(*l*)(3)(A)(i).

76.　　▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

77.　　On information and belief, Amgen intends to, and will, offer for sale and/or sell within the United States MVASI made using ABP 215 drug substance ▇▇▇▇▇▇▇▇

▇▇▇▇▇▇▇▇ On information and belief, Amgen intends to, and will, ▇▇▇▇▇▇▇▇

▇▇▇▇▇▇▇▇▇▇▇▇▇ (which is within the United States).

78.　　The submission of Amgen's sBLA to the FDA to obtain approval to engage in the

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ and to engage in the marketing and sale of MVASI made using such drug substance before the expiration of the

'918 patent is an act of infringement of one or more claims of the '918 patent under 35 U.S.C.
§ 271(e)(2)(C).

79.     Amgen has infringed claims 1, 5, 7, 9, and 10 of the '918 patent.  The infringing

process is ███████████████████████████████████████████████

██████████████████████████████

80.     Genentech will be irreparably harmed if Amgen is not enjoined from infringing

one or more claims of the '918 patent.  Genentech is entitled to injunctive relief under 35 U.S.C.
§ 271(e)(4)(B) preventing Amgen from any further infringement.  Genentech has no adequate

remedy at law.

81.     Amgen's ████████████████████████████████████ use of

such drug substance within the United States, offer for sale within the United States of MVASI

made using such drug substance, and/or sale within the United States of MVASI using such drug

substance before the expiration of the '918 patent will cause Genentech injury, entitling

Genentech to damages or other monetary relief under 35 U.S.C. § 271(e)(4)(C).

### Count 7
### (Infringement of the '269 Patent Under 35 U.S.C. § 271(e))

82.     Plaintiffs incorporate each of the preceding paragraphs as if fully set forth herein.

83.     United States Patent No. 7,060,269 ("the '269 patent") (Exhibit E hereto), was

duly and legally issued on June 13, 2006.

84.     Genentech is the owner of all right, title, and interest in the '269 patent.

85.     The '269 patent has not yet expired.

86.     The '269 patent was included on the list of patents provided by Genentech to

Amgen pursuant to 42 U.S.C. § 262(l)(3)(A) on October 18, 2018.  █████████████

███████████████████████████████████████████

ME1 30014244v.1

███████████████████████████████████████████████████

███████████████████████████████████████████████████

████ The '269 patent is a patent that could be identified pursuant to § 262(*l*)(3)(A)(i).

87. ████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

███████████████████████████████

88.     On information and belief, Amgen intends to, and will, offer for sale and/or sell within the United States MVASI made using ABP 215 drug substance ████████████████ ████████████ On information and belief, Amgen intends to, and will, ███████████ ████████████████████ (which is within the United States).

89.     The submission of Amgen's sBLA to the FDA to obtain approval to engage in the ██████████████████████████████████████████████████████ and to engage in the marketing and sale of MVASI made using such drug substance before the expiration of the '269 patent is an act of infringement of one or more claims of the '269 patent under 35 U.S.C. § 271(e)(2)(C).

90.     Amgen has infringed claim 2 of the '269 patent.  The infringing methods are all of the indicated methods of treatment described in the FDA approved label for MVASI. [1]

91.     On information and belief, the use of MVASI as described in Amgen's MVASI Label will encourage, suggest, teach, and/or induce the product's use as claimed in the '269 patent.

---

[1] Available at:  https://www.accessdata.fda.gov/drugsatfda_docs/label/2017/761028s000lbl.pdf ("MVASI Label").

ME1 30014244v.1

92.     On information and belief, Amgen plans and intends to, and will, actively induce infringement of the '269 patent when it begins ███████████████████████████ ████████████████████

93.     On information and belief, Amgen knows that MVASI and its proposed labeling are especially made or adapted for use in infringing the '269 patent, and that MVASI and its proposed labeling are not suitable for substantial noninfringing use. On information and belief, Amgen plans and intends to, and will, contribute to infringement of the '269 patent when it begins commercial marketing of MVASI.

94.     The foregoing actions by Amgen and the submission of Amgen's sBLA to the FDA to obtain approval to engage in the ████████████████████████████ ███████████ for use in making MVASI before the expiration of the '269 patent constitute infringement of '269 patent under 35 U.S.C. § 271(e)(2)(C), active inducement of infringement of the '269 patent under 35 U.S.C. § 271(b), and contribution to the infringement by others of the '269 patent under 35 U.S.C. § 271(c).

95.     Genentech will be irreparably harmed if Amgen is not enjoined from infringing one or more claims of the '269 patent. Genentech is entitled to injunctive relief under 35 U.S.C. § 271(e)(4)(B) preventing Amgen from any further infringement. Genentech has no adequate remedy at law.

96.     Amgen's ████████████████████████████████ use of such drug substance within the United States, offer for sale within the United States of MVASI made using such drug substance, and/or sale within the United States of MVASI using such drug substance before the expiration of the '269 patent will cause Genentech injury, entitling Genentech to damages or other monetary relief under 35 U.S.C. § 271(e)(4)(C).

**Count 8**
**(Infringement and Declaration of Infringement of the '269 Patent**
**Under 35 U.S.C. § 271(b) and (c))**

97.     Plaintiffs incorporate each of the preceding paragraphs as if fully set forth herein.

98.     Amgen knows and intends that its offer for sale and/or sale in the United States of ABP 215 manufactured using ABP 215 drug substance █████████████████ will contribute to and/or induce infringement of claim 2 of the '269 patent.

99.     ABP 215 is adapted for infringement of the '269 patent and is not a staple article of commerce.

100.     Genentech is entitled to a declaration that Amgen will induce or contribute to infringement of the '269 patent in violation of 35 U.S.C. § 271(b)-(c) by offering for sale, and/or selling in the United States MVASI manufactured using ABP 215 drug substance ████████ ███████████████.

101.     On information and belief, the use of MVASI as described in Amgen's MVASI Label will encourage, suggest, teach, and/or induce the product's use as claimed in the '269 patent.

102.     On information and belief, Amgen plans and intends to, and will, actively induce infringement of the '269 patent when it begins commercial marketing of MVASI ████████ ███████████████.

103.     On information and belief, Amgen knows that MVASI and its proposed labeling are especially made or adapted for use in infringing the '269 patent, and that MVASI and its proposed labeling are not suitable for substantial noninfringing use.  On information and belief, Amgen plans and intends to, and will, contribute to infringement of the '269 patent when it begins commercial marketing of MVASI manufactured using ABP 215 drug substance

███████████████████████████████

18

104.    Unless Amgen is enjoined from infringing the '269 patent, Genentech will suffer irreparable injury.  Genentech has no adequate remedy at law.

## Count 9
## (Infringement of the '901 Patent Under 35 U.S.C. § 271(e))

105.    Plaintiffs incorporate each of the preceding paragraphs as if fully set forth herein.

106.    United States Patent No. 7,169,901 ("the '901 patent") (Exhibit F hereto), was duly and legally issued on Jan. 30, 2007.

107.    Genentech is the owner of all right, title, and interest in the '901 patent.

108.    The '901 patent has not yet expired.

109.    The '901 patent was included on the list of patents provided by Genentech to Amgen pursuant to 42 U.S.C. § 262(*l*)(3)(A) on October 18, 2018. ████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████ The '901 patent is a patent that could be identified pursuant to § 262(*l*)(3)(A)(i).

110.    ████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████

111.    On information and belief, Amgen intends to, and will, offer for sale and/or sell within the United States MVASI made using ABP 215 drug substance ████████████

████████     On information and belief, Amgen intends to, and will, ████████████

████████████████████████ (which is within the United States).

19

112.    The submission of Amgen's sBLA to the FDA to obtain approval to engage in the

███████████████████████████████████████████████████ and to engage in

the marketing and sale of MVASI made using such drug substance before the expiration of the

'901 patent is an act of infringement of one or more claims of the '901 patent under 35 U.S.C.

§ 271(e)(2)(C).

113.    Amgen has infringed claims 1-8 and 11 of the '901 patent.  The infringing

product is the bevacizumab contained within MVASI.

114.    Genentech will be irreparably harmed if Amgen is not enjoined from infringing

one or more claims of the '901 patent.  Genentech is entitled to injunctive relief under 35 U.S.C.

§ 271(e)(4)(B) preventing Amgen from any further infringement.  Genentech has no adequate

remedy at law.

115.    Amgen's ██████████████████████████████ use of

such drug substance within the United States, offer for sale within the United States of MVASI

made using such drug substance, and/or sale within the United States of MVASI using such drug

substance before the expiration of the '901 patent will cause Genentech injury, entitling

Genentech to damages or other monetary relief under 35 U.S.C. § 271(e)(4)(C).

**Count 10**
**(Infringement and Declaration of Infringement of the '901 Patent**
**Under 35 U.S.C. § 271(a))**

116.    Plaintiffs incorporate each of the preceding paragraphs as if fully set forth herein.

117.    Amgen and Immunex have infringed claims 1-8 and 11 of the '901 patent in

violation of 35 U.S.C. § 271(a) █████████████████ ABP 215 drug substance,

and/or offering to sell, selling, and/or using it within the United States.

118.     Amgen's infringement of the '901 patent was willful.  Amgen has been on notice of the '901 patent since no later than March 2017, when Genentech identified the '901 patent to Amgen in contentions served pursuant to the 42 U.S.C. § 262(*l*)(3)(A).

119.     As a result of Amgen and Immunex's infringement of the '901 patent, Genentech has suffered irreparable injury.  Unless Amgen and Immunex are enjoined from infringing the '901 patent, Genentech will suffer additional irreparable injury.  Genentech has no adequate remedy at law.

120.     As a consequence of Amgen and Immunex's infringement of the '901 patent, Genentech has suffered damages in an amount not yet determined, but no less than a reasonable royalty.

121.     Amgen's willful, wanton, and deliberate infringement of the '901 patent justifies an award to Genentech of increased damages under 35 U.S.C. § 284, and attorneys' fees and costs incurred under 35 U.S.C. § 285.

122.     Genentech is entitled to a declaration that Amgen and Immunex infringed and will infringe claims 1-8 and 11 of the '901 patent in violation of 35 U.S.C. § 271(a) ███████ ████████████████████████████ using such drug substance within the United States, offering for sale within the United States MVASI made using such drug substance, and/or selling within the United States MVASI made using such drug substance.

123.     Genentech is entitled to a declaration that Amgen's infringement of the '901 patent was and will be willful.

## Count 11
### (Infringement of the '115 Patent Under 35 U.S.C. § 271(e))

124.     Plaintiffs incorporate each of the preceding paragraphs as if fully set forth herein.

ME1 30014244v.1

125.   United States Patent No. 7,622,115 ("the '115 patent") (Exhibit G hereto), was duly and legally issued on Nov. 24, 2009.

126.   Genentech is the owner of all right, title, and interest in the '115 patent.

127.   The '115 patent has not yet expired.

128.   The '115 patent was included on the list of patents provided by Genentech to Amgen pursuant to 42 U.S.C. § 262(*l*)(3)(A) on October 18, 2018. ███████████

███████████████████████████████████

███████████████████████████████████

███████████████████████████████████

████   The '115 patent is a patent that could be identified pursuant to § 262(*l*)(3)(A)(i).

129.   ███████████████████████████

███████████████████████████████████

███████████████████████████████████

███████████████████████

130.   On information and belief, Amgen intends to, and will, offer for sale and/or sell within the United States MVASI made using ABP 215 drug substance ███████████

███████   On information and belief, Amgen intends to, and will, ███████████

███████████████ (which is within the United States).

131.   The submission of Amgen's sBLA to the FDA to obtain approval to engage in the

███████████████████████████ and to engage in the marketing and  sale of MVASI made using such drug substance before the expiration of the '115 patent is an act of infringement of one or more claims of the '115 patent under 35 U.S.C. § 271(e)(2)(C).

132.     Amgen has infringed claims 1-5 of the '115 patent.  The infringing methods are all of the indicated methods of treatment described in the FDA approved label for MVASI.

133.     On information and belief, the use of MVASI as described in Amgen's MVASI Label will encourage, suggest, teach, and/or induce the product's use  as claimed in the '115 patent.

134.     On information and belief, Amgen plans and intends to, and will, actively induce infringement of the '115 patent when it begins commercial marketing of MVASI ███████████ ████████████████.

135.     On information and belief, Amgen knows that MVASI and its proposed labeling are especially made or adapted for use in infringing the '115 patent, and that MVASI and its proposed labeling are not suitable for substantial noninfringing use.  On information and belief, Amgen plans and intends to, and will, contribute to infringement of the '115 patent when it begins commercial marketing of MVASI.

136.     The foregoing actions by Amgen and the submission of Amgen's sBLA to the FDA to obtain approval to engage in the ██████████████████████████ ████████████ for use in making MVASI before the expiration of the '115 patent constitute infringement of '115 patent under 35 U.S.C. § 271(e)(2)(C), active inducement of infringement of the '115 patent under 35 U.S.C. § 271(b), and contribution to the infringement by others of the '115 patent under 35 U.S.C. § 271(c).

137.     Genentech will be irreparably harmed if Amgen is not enjoined from infringing one or more claims of the '115 patent.  Genentech is entitled to injunctive relief under 35 U.S.C. § 271(e)(4)(B) preventing Amgen from any further infringement.  Genentech has no adequate remedy at law.

138.    Amgen's ███████████████████████████████████ use of

such drug substance within the United States, offer for sale within the United States of MVASI

made using such drug substance, and/or sale within the United States of MVASI using such drug

substance before the expiration of the '115 patent will cause Genentech injury, entitling

Genentech to damages or other monetary relief under 35 U.S.C. § 271(e)(4)(C).

**Count 12**
**(Infringement and Declaration of Infringement of the '115 Patent**
**Under 35 U.S.C. § 271(b) and (c))**

139.    Plaintiffs incorporate each of the preceding paragraphs as if fully set forth herein.

140.    Amgen knows and intends that its offer for sale and/or sale in the United States of

MVASI made using ABP 215 drug substance ██████████████████████ will

contribute to and/or induce infringement of the '115 patent.

141.    ABP 215 is adapted for infringement of the '115 patent and is not a staple article

of commerce.

142.    Genentech is entitled to a declaration that Amgen will induce or contribute to

infringement of claims 1-5 of the '115 patent in violation of 35 U.S.C. § 271(b)-(c) by offering

for sale, and/or selling in the United States MVASI made using ABP 215 drug substance

████████████████████████████

143.    On information and belief, the use of MVASI as described in Amgen's MVASI

Label will encourage, suggest, teach, and/or induce the product's use as claimed in the '115

patent.

144.    On information and belief, Amgen plans and intends to, and will, actively induce

infringement of the '115 patent when it begins commercial marketing of MVASI ████████

████████████████

24

145.    On information and belief, Amgen knows that MVASI and its proposed labeling are especially made or adapted for use in infringing the '115 patent, and that MVASI and its proposed labeling are not suitable for substantial noninfringing use.  On information and belief, Amgen plans and intends to, and will, contribute to infringement of the '115 patent when it begins commercial marketing of MVASI ██████████████████████████

146.    Unless Amgen is enjoined from infringing the '115 patent, Plaintiffs will suffer irreparable injury.  Plaintiffs have no adequate remedy at law.

**Count 13**
**(Infringement and Declaration of Infringement of the '221 Patent**
**Under 35 U.S.C. § 271(a) and (g))**

147.    Plaintiffs incorporate each of the preceding paragraphs as if fully set forth herein.

148.    United States Patent No. 7,923,221 ("the '221 patent") (Exhibit H hereto), was duly and legally issued on April 12, 2011.

149.    Genentech and City of Hope are co-owners of all right, title, and interest in the '221 patent.

150.    Amgen and Immunex have infringed claims 1, 2, 4, 5, 8, 9, 10, 11, 15, 16, 20, 21, 24, 25, 26, 31, 32, 34, 38, 39, 43, 44 and 47 of the '221 patent in violation of 35 U.S.C. § 271(a) and (g) ██████████████████████████████████████ and/or offering to sell, selling, and/or using such drug substance.  According to ████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

████████████████████████████████████████████████

███████████████████████████████████████

151.    Amgen's infringement of the '221 patent was willful.  Amgen has been on notice of the '221 patent since no later than March 2017, when Genentech identified the '221 patent to Amgen in contentions served pursuant to the 42 U.S.C. § 262(*l*)(3)(A).

152.    As a result of Amgen and Immunex's infringement of the '221 patent, Genentech has suffered irreparable injury.  Unless Amgen and Immunex are enjoined from infringing the '221 patent, Genentech will suffer additional irreparable injury.  Genentech has no adequate remedy at law.

153.    As a consequence of Amgen and Immunex's infringement of the '221 patent, Genentech has suffered damages in an amount not yet determined, but no less than a reasonable royalty.

154.    Amgen's willful, wanton, and deliberate infringement of the '221 patent justifies an award to Genentech of increased damages under 35 U.S.C. § 284, and attorneys' fees and costs incurred under 35 U.S.C. § 285.

155.    Genentech is entitled to a declaration that Amgen and Immunex infringed and will infringe the '221 patent in violation of 35 U.S.C. § 271(a) and (g) by ███████████████ ███████████████, using such drug substance within the United States, offering for sale within the United States MVASI made using such drug substance, and/or selling within the United States MVASI made using such drug substance..

156.    Genentech is entitled to a declaration that Amgen's infringement of the '221 patent was willful.

## Count 14
## (Infringement of the '983 Patent Under 35 U.S.C. § 271(e))

157.    Plaintiffs incorporate each of the preceding paragraphs as if fully set forth herein.

158.    United States Patent No. 8,512,983 ("the '983 patent") (Exhibit I hereto), was duly and legally issued on Aug. 20, 2013.

159.    The '983 patent has not yet expired.

160.    The '983 patent was included on the list of patents provided by Genentech to Amgen pursuant to 42 U.S.C. § 262(*l*)(3)(A) on October 18, 2018.  Amgen did not participate in an exchange of patent lists pursuant to 42 U.S.C. § 262(*l*)(5) and instead denied that it had initiated the BPCIA's "patent dance" proceedings as a result of having produced sBLA No.



The '983 patent is a patent that could be identified pursuant to § 262(*l*)(3)(A)(i).

161.

162.    On information and belief, Amgen intends to, and will, offer for sale and/or sell within the United States MVASI made using ABP 215 drug substance

On information and belief, Amgen intends to, and will,

(which is within the United States).

163.    The submission of Amgen's sBLA to the FDA to obtain approval to engage in the

and to engage in the marketing and  sale of MVASI made using such drug substance before the expiration of the

ME1 30014244v.1

'213 patent is an act of infringement of one or more claims of the '213 patent under 35 U.S.C.
§ 271(e)(2)(C).

164.    Amgen has infringed claims 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 13, 14, 16, 17, 18, 19, and 23 of the '983 patent.  The infringing process occurs during the production phase of the cell culture process that makes ABP 215 drug substance.

165.    Genentech will be irreparably harmed if Amgen is not enjoined from infringing one or more claims of the '983 patent.  Genentech is entitled to injunctive relief under 35 U.S.C. § 271(e)(4)(B) preventing Amgen from any further infringement.  Genentech has no adequate remedy at law.

166.    Amgen's ████████████████████████████████ use of such drug substance within the United States, offer for sale within the United States of MVASI made using such drug substance, and/or sale within the United States of MVASI using such drug substance before the expiration of the '983 patent will cause Genentech injury, entitling Genentech to damages or other monetary relief under 35 U.S.C. § 271(e)(4)(C).

## Count 15
### (Infringement and Declaration of Infringement of the '983 Patent Under 35 U.S.C. § 271(a) and (g))

167.    Plaintiffs incorporate each of the preceding paragraphs as if fully set forth herein.

168.    Amgen and Immunex infringed claims 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 13, 14, 16, 17, 18, 19, and 23 of the '983 patent in violation of 35 U.S.C. § 271(a) and (g) by making, and/or offering to sell, selling, and/or using ABP 215 ████████████████████████ in the United States.

169.    Amgen and Immunex's infringement of the '983 patent was willful.  Amgen has been on notice of the '983 patent since no later than March 2017, when Genentech identified the '983 patent to Amgen in contentions served pursuant to the 42 U.S.C. § 262(*l*)(3)(A).

28

170.    As a result of Amgen and Immunex's infringement of the '983 patent, Genentech has suffered irreparable injury.  Unless Amgen and Immunex are enjoined from infringing the '983 patent, Genentech will suffer additional irreparable injury.  Genentech has no adequate remedy at law.

171.    As a consequence of Amgen and Immunex's infringement of the '983 patent, Genentech has suffered damages in an amount not yet determined, but no less than a reasonable royalty.

172.    Amgen's willful, wanton, and deliberate infringement of the '983 patent justifies an award to Genentech of increased damages under 35 U.S.C. § 284, and attorneys' fees and costs incurred under 35 U.S.C. § 285.

173.    Genentech is entitled to a declaration that Amgen and Immunex infringed and will infringe claims 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 13, 14, 16, 17, 18, 19, and 23 of the '983 patent in violation of 35 U.S.C. § 271(a) and (g) ███████████████████████████ ██████ using such drug substance within the United States, offering for sale within the United States MVASI made using such drug substance, and/or selling within the United States MVASI made using such drug substance.

174.    Genentech is entitled to a declaration that Amgen's infringement of the '983 patent was and will be willful.

## Count 16
## (Infringement of the '869 Patent Under 35 U.S.C. § 271(e))

175.    Plaintiffs incorporate each of the preceding paragraphs as if fully set forth herein.

176.    United States Patent No. 8,574,869 ("the '869 patent") (Exhibit J hereto), was duly and legally issued on Nov. 5, 2013.

177.    Genentech is the owner of all right, title, and interest in the '869 patent.

178.    The '869 patent has not yet expired.

179.    The '869 patent was included on the list of patents provided by Genentech to Amgen pursuant to 42 U.S.C. § 262(*l*)(3)(A) on October 18, 2018. ████████████████



███ The '869 patent is a patent that could be identified pursuant to § 262(*l*)(3)(A)(i).

180.    ████████████████████████████████████████████

181.    On information and belief, Amgen intends to, and will, offer for sale and/or sell within the United States MVASI made using ABP 215 drug substance ████████████ ████████ On information and belief, Amgen intends to, and will, ████████ ████████████████ (which is within the United States).

182.    The submission of Amgen's sBLA to the FDA to obtain approval to engage in the ██████████████████████████████ and to engage in the marketing and sale of MVASI made using such drug substance before the expiration of the '869 patent is an act of infringement of one or more claims of the '869 patent under 35 U.S.C. § 271(e)(2)(C).

183.    Amgen has infringed claims 1, 4, 5, 7, and 8 of the '869 patent.  The infringing process occurs when Amgen sparges the cell culture fluid while chilling and/or acid precipitating the cell culture fluid prior to centrifugation.

ME1 30014244v.1

184.    Genentech will be irreparably harmed if Amgen is not enjoined from infringing one or more claims of the '869 patent.  Genentech is entitled to injunctive relief under 35 U.S.C. § 271(e)(4)(B) preventing Amgen from any further infringement.  Genentech has no adequate remedy at law.

185.    Amgen's ████████████████████████████████ use of such drug substance within the United States, offer for sale within the United States of MVASI made using such drug substance, and/or sale within the United States of MVASI using such drug substance before the expiration of the '869 patent will cause Genentech injury, entitling Genentech to damages or other monetary relief under 35 U.S.C. § 271(e)(4)(C).

**Count 17**
**(Infringement and Declaration of Infringement of the '869 Patent**
**Under 35 U.S.C. § 271(a) and (g))**

186.    Plaintiffs incorporate each of the preceding paragraphs as if fully set forth herein.

187.    Amgen and Immunex have infringed claims 1, 4, 5, 7, and 8 of the '869 patent in violation of 35 U.S.C. § 271(a) and (g) by making, and/or offering to sell, selling, and/or using ABP 215 in the United States.

188.    Amgen's infringement of the '869 patent was willful.  Amgen has been on notice of the '869 patent since no later than March 2017, when Genentech identified the '869 patent to Amgen in contentions served pursuant to the 42 U.S.C. § 262(*l*)(3)(A).

189.    As a result of Amgen and Immunex's infringement of the '869 patent, Genentech has suffered irreparable injury.  Unless Amgen and Immunex are enjoined from infringing the '869 patent, Genentech will suffer additional irreparable injury.  Genentech has no adequate remedy at law.

ME1 30014244v.1

190.    As a consequence of Amgen and Immunex's infringement of the '869 patent, Genentech has suffered damages in an amount not yet determined, but no less than a reasonable royalty.

191.    Amgen's willful, wanton, and deliberate infringement of the '869 patent justifies an award to Genentech of increased damages under 35 U.S.C. § 284, and attorneys' fees and costs incurred under 35 U.S.C. § 285.

192.    Genentech is entitled to a declaration that Amgen and Immunex infringed and will infringe claims 1, 4, 5, 7, and 8 of the '869 patent in violation of 35 U.S.C. § 271(a) and (g) ████ ██████████████████████████████████████ using such drug substance within the United States, offering for sale within the United States MVASI made using such drug substance, and/or selling within the United States MVASI made using such drug substance.

193.    Genentech is entitled to a declaration that Amgen's infringement of the '869 patent was willful.

## Count 18
### (Infringement of the '035 Patent Under 35 U.S.C. § 271(e))

194.    Plaintiffs incorporate each of the preceding paragraphs as if fully set forth herein.

195.    United States Patent No. 9,441,035 ("the '035 patent") (Exhibit K hereto), was duly and legally issued on Sept. 13, 2003.

196.    Genentech is the owner of all right, title, and interest in the '053 patent.

197.    Plaintiffs incorporate each of the preceding paragraphs as if fully set forth herein.

198.    The '035 patent was included on the list of patents provided by Genentech to Amgen pursuant to 42 U.S.C. § 262(l)(3)(A) on October 18, 2018. ██████████████████ ████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████

ME1 30014244v.1



The '035 patent is a patent that could be identified pursuant to § 262(*l*)(3)(A)(i).

199. ████████████████████████████████████

200. On information and belief, Amgen intends to, and will, offer for sale and/or sell within the United States MVASI made using ABP 215 drug substance ████████████ ██████ On information and belief, Amgen intends to, and will, ████████████ ██████████████████████ (which is within the United States).

201. The submission of Amgen's sBLA to the FDA to obtain approval to engage in the ████████████████████████████████ and to engage in the marketing and sale of MVASI made using such drug substance before the expiration of the '035 patent is an act of infringement of one or more claims of the '035 patent under 35 U.S.C. § 271(e)(2)(C).

202. Amgen has infringed claims 1, 2, 3, 4, 5, 6, 7, 9, 14, 33, 34, 35, 36, 37, 39, 40, 41, 42, 43, 44, 45, 46, 47, 49, 54, 73, 74, 75, 76, 77, 79, and 81 of the '035 patent. The infringing process occurs during the cell culture process that makes ABP 215 drug substance.

203. Genentech will be irreparably harmed if Amgen is not enjoined from infringing one or more claims of the '035 patent. Genentech is entitled to injunctive relief under 35 U.S.C. § 271(e)(4)(B) preventing Amgen from any further infringement. Genentech has no adequate remedy at law.

204.     Amgen's ███████████████████████████████████████████, use of such drug substance within the United States, offer for sale within the United States of MVASI made using such drug substance, and/or sale within the United States of MVASI using such drug substance before the expiration of the '035 patent will cause Genentech injury, entitling Genentech to damages or other monetary relief under 35 U.S.C. § 271(e)(4)(C).

**Count 19**
**(Infringement and Declaration of Infringement of the '035 Patent Under 35 U.S.C. § 271(a) and (g))**

205.     Plaintiffs incorporate each of the preceding paragraphs as if fully set forth herein.

206.     Amgen and Immunex have infringed claims 1, 2, 3, 4, 5, 6, 7, 9, 14, 33, 34, 35, 36, 37, 39, 40, 41, 42, 43, 44, 45, 46, 47, 49, 54, 73, 74, 75, 76, 77, 79, and 81 of the '035 patent in violation of 35 U.S.C. § 271(a) and (g) by making, and/or offering to sell, selling, and/or using ABP 215 at ████████████ in the United States.

207.     Amgen's infringement of the '035 patent was willful.  Amgen has been on notice of the '035 patent since no later than March 2017, when Genentech identified the '035 patent to Amgen in contentions served pursuant to the 42 U.S.C. § 262(*l*)(3)(A).

208.     As a result of Amgen and Immunex's infringement of the '035 patent, Genentech has suffered irreparable injury.  Unless Amgen and Immunex are enjoined from infringing the '035 patent, Genentech will suffer additional irreparable injury.  Genentech has no adequate remedy at law.

209.     As a consequence of Amgen and Immunex's infringement of the '035 patent, Genentech has suffered damages in an amount not yet determined, but no less than a reasonable royalty.

210.    Amgen's willful, wanton, and deliberate infringement of the '035 patent justifies an award to Genentech of increased damages under 35 U.S.C. § 284, and attorneys' fees and costs incurred under 35 U.S.C. § 285.

211.    Genentech is entitled to a declaration that Amgen and Immunex infringed and will infringe claims 1, 2, 3, 4, 5, 6, 7, 9, 14, 33, 34, 35, 36, 37, 39, 40, 41, 42, 43, 44, 45, 46, 47, 49, 54, 73, 74, 75, 76, 77, and 79 of the '035 patent in violation of 35 U.S.C. § 271(a) and (g) ███████ ████████████████████████████████████████ using such drug substance within the United States, offering for sale within the United States MVASI made using such drug substance, and/or selling within the United States MVASI made using such drug substance.

212.    Genentech is entitled to a declaration that Amgen's infringement of the '035 patent was and will be willful.

## Count 20
## (Infringement of the '744 Patent Under 35 U.S.C. § 271(e))

213.    Plaintiffs incorporate each of the preceding paragraphs as if fully set forth herein.

214.    United States Patent No. 9,493,744 ("the '744 patent") (Exhibit L hereto), was duly and legally issued on Nov. 15, 2016.

215.    Genentech is the owner of all right, title, and interest in the '744 patent.

216.    Plaintiffs incorporate each of the preceding paragraphs as if fully set forth herein.

217.    The '744 patent was included on the list of patents provided by Genentech to Amgen pursuant to 42 U.S.C. § 262(*l*)(3)(A) on October 18, 2018. ████████████████ ████████████████████████████████████████████████████ ████████████████████████████████████████████████████ ████████████████████████████████████████████████████ ██████ The '744 patent is a patent that could be identified pursuant to § 262(*l*)(3)(A)(i).

218. ████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

███████████████████████████████████

219. On information and belief, Amgen intends to, and will, offer for sale and/or sell within the United States MVASI made using ABP 215 drug substance ███████████████████ ███████████████ On information and belief, Amgen intends to, and will ████████████████ ██████████████████████████████ (which is within the United States).

220. The submission of Amgen's sBLA to the FDA to obtain approval to engage in the commercial manufacture of ABP 215 drug substance at ███████████████ and to engage in the marketing and sale of MVASI made using such drug substance before the expiration of the '744 patent is an act of infringement of one or more claims of the '744 patent under 35 U.S.C. § 271(e)(2)(C).

221. Amgen has infringed at least claim 1 of the '744 patent. ████████████████ ████████████████████████████████████████████████████ ████████████████████████████████████████████████ ████████████████████████████████████████████████ ██████████████████████████████████████████ ████████████████████████████████████████████████ ████████████████████████████████████████████████████ ██████████████████████████████████████████ ████████████████████████████████████████████████████ ██████████████

ME1 30014244v.1

222.    As illustrated above, Amgen and Immunex's manufacture and/or use of bevacizumab has infringed at least claim 1 of the '744 patent.

223.    Genentech will be irreparably harmed if Amgen is not enjoined from infringing one or more claims of the '744 patent.  Genentech is entitled to injunctive relief under 35 U.S.C. § 271(e)(4)(B) preventing Amgen from any further infringement.  Genentech has no adequate remedy at law.

224.    Amgen's ███████████████████████████████ use of such drug substance within the United States, offer for sale within the United States of MVASI made using such drug substance, and/or sale within the United States of MVASI using such drug substance before the expiration of the '744 patent will cause Genentech injury, entitling Genentech to damages or other monetary relief under 35 U.S.C. § 271(e)(4)(C).

### Count 21
### (Infringement of the '744 Patent Under 35 U.S.C. § 271(a))

225.    Plaintiffs incorporate each of the preceding paragraphs as if fully set forth herein.

226.    As illustrated above, Amgen and Immunex have infringed claim 1 of the '744 patent in violation of 35 U.S.C. § 271(a) by making, and/or offering to sell, selling, and/or using ABP 215 at ███████████████ in the United States.

227.    Amgen's infringement of the '744 patent was willful.  Amgen has been on notice of the '744 patent since no later than October 2018, when Genentech identified the '744 patent to Amgen in contentions served pursuant to the 42 U.S.C. § 262(l)(3)(A).

228.    As a result of Amgen and Immunex's infringement of the '744 patent, Genentech has suffered irreparable injury.  Unless Amgen and Immunex are enjoined from infringing the '744 patent, Genentech will suffer additional irreparable injury.  Genentech has no adequate remedy at law.

229.    As a consequence of Amgen and Immunex's infringement of the '744 patent, Genentech has suffered damages in an amount not yet determined, but no less than a reasonable royalty.

230.    Amgen's willful, wanton, and deliberate infringement of the '744 patent justifies an award to Genentech of increased damages under 35 U.S.C. § 284, and attorneys' fees and costs incurred under 35 U.S.C. § 285.

231.    Genentech is entitled to a declaration that Amgen and Immunex infringed and will infringe the '744 patent in violation of 35 U.S.C. § 271(a) ███████████████████████ ██████████████████ using such drug substance within the United States, offering for sale within the United States MVASI made using such drug substance, and/or selling within the United States MVASI made using such drug substance.

232.    Genentech is entitled to a declaration that Amgen's infringement of the '744 patent was and will be willful.

## Count 22
## (Infringement of the '293 Patent Under 35 U.S.C. § 271(e))

233.    Plaintiffs incorporate each of the preceding paragraphs as if fully set forth herein.

234.    United States Patent No. 9,714,293 ("the '293 patent") (Exhibit M hereto), was duly and legally issued on July 25, 2017.

235.    Genentech is the owner of all right, title, and interest in the '293 patent.

236.    Plaintiffs incorporate each of the preceding paragraphs as if fully set forth herein.

237.    The '293 patent was included on the list of patents provided by Genentech to Amgen pursuant to 42 U.S.C. § 262(*l*)(3)(A) on October 18, 2018. ██████████████████ ███████████████████████████████████████████████████ ███████████████████████████████████████████████████

ME1 30014244v.1



The '293 patent is a patent that could be identified pursuant to § 262(*l*)(3)(A)(i).

238.

239.    On information and belief, Amgen intends to, and will, offer for sale and/or sell within the United States MVASI made using ABP 215 drug substance ████████████ ████████    On information and belief, Amgen intends to, and will, █████████ ████████████████████ (which is within the United States).

240.    The submission of Amgen's sBLA to the FDA to obtain approval to engage in the ███████████████████████████████████ and to engage in the marketing and sale of MVASI made using such drug substance before the expiration of the '293 patent is an act of infringement of one or more claims of the '293 patent under 35 U.S.C. § 271(e)(2)(C).

241.    Amgen has infringed at least claim 1 of the '293 patent.  The infringing process occurs during the production phase of the cell culture process that makes ABP 215 drug substance.

242.    Genentech will be irreparably harmed if Amgen is not enjoined from infringing one or more claims of the '293 patent.  Genentech is entitled to injunctive relief under 35 U.S.C. § 271(e)(4)(B) preventing Amgen from any further infringement.  Genentech has no adequate remedy at law.

ME1 30014244v.1

243.     Amgen's ██████████████████████████████████ use of
such drug substance within the United States, offer for sale within the United States of MVASI
made using such drug substance, and/or sale within the United States of MVASI using such drug
substance before the expiration of the '293 patent will cause Genentech injury, entitling
Genentech to damages or other monetary relief under 35 U.S.C. § 271(e)(4)(C).

**Count 23**
**(Infringement and Declaration of Infringement of the '293 Patent**
**Under 35 U.S.C. § 271(a) and (g))**

244.     Plaintiffs incorporate each of the preceding paragraphs as if fully set forth herein.

245.     Amgen and Immunex have infringed at least claim 1 of the '293 patent in
violation of 35 U.S.C. § 271(a) and (g) by making, and/or offering to sell, selling, and/or using
ABP 215 ████████████████████████ in the United States.

246.     Amgen's infringement of the '293 patent was willful.  Amgen has been on notice
of the '293 patent since no later than October 2018, when Genentech identified the '293 patent to
Amgen in contentions served pursuant to the 42 U.S.C. § 262(*l*)(3)(A).

247.     As a result of Amgen and Immunex's infringement of the '293 patent, Genentech
has suffered irreparable injury.  Unless Amgen and Immunex are enjoined from infringing the
'293 patent, Genentech will suffer additional irreparable injury.  Genentech has no adequate
remedy at law.

248.     As a consequence of Amgen and Immunex's infringement of the '293 patent,
Genentech has suffered damages in an amount not yet determined, but no less than a reasonable
royalty.

249.     Amgen's willful, wanton, and deliberate infringement of the '293 patent justifies
an award to Genentech of increased damages under 35 U.S.C. § 284, and attorneys' fees and
costs incurred under 35 U.S.C. § 285.

250.     Genentech is entitled to a declaration that Amgen and Immunex infringed and will infringe at least claim 1 of the '293 patent in violation of 35 U.S.C. § 271(a) and (g) ███████ ████████████████████████████████████████ using such drug substance within the United States, offering for sale within the United States MVASI made using such drug substance, and/or selling within the United States MVASI made using such drug substance.

251.     Genentech is entitled to a declaration that Amgen's infringement of the '293 patent was and will be willful.

## Count 24
### (Infringement of the '672 Patent Under 35 U.S.C. § 271(e))

252.     Plaintiffs incorporate each of the preceding paragraphs as if fully set forth herein.

253.     United States Patent No. 9,795,672 ("the '672 patent") (Exhibit N hereto) was duly and legally issued on Oct. 24, 2017.

254.     Genentech is the owner of all right, title, and interest in the '672 patent.

255.     The '672 patent has not yet expired.

256.     The '672 patent was included on the list of patents provided by Genentech to Amgen pursuant to 42 U.S.C. § 262(*l*)(3)(A) on October 18, 2018. ████████████████ ██████████████████████████████████████████████████████ ██████████████████████████████████████████████████████ ██████████████████████████████████████████████████████ ██████ The '672 patent is a patent that could be identified pursuant to § 262(*l*)(3)(A)(i).

257.     ██████████████████████████████████████████████ ██████████████████████████████████████████████████████ ██████████████████████████████████████████████████████ ██████████████████████████████████

258.     On information and belief, Amgen intends to, and will, offer for sale and/or sell within the United States MVASI made using ABP 215 drug substance ███████████████ ███████████   On information and belief, Amgen intends to, and will ██████████████ ███████████████████   (which is within the United States).

259.     The sale of MVASI pursuant to its label will contribute to and induce infringement of, *inter alia*, claim 1 of the '672 patent.

260.     Claim 1 recites "a method of treating cancer in a patient comprising administering to the patient an effective amount of bevacizumab."  For example, Amgen's product is indicated for the treatment of cancer, as set forth in Section 1 of the MVASI Label, and Amgen's MVASI Label instructs physicians on the dosage and administration necessary to administer an effective amount, as set forth in Section 2 of the MVASI Label.

261.     Claim 1 further recites, "wherein the patient has a grade III hypertensive event resulting from the bevacizumab administration."  For example, Amgen's MVASI Label warns physicians in Section 5.7 about the relationship between administration of MVASI and hypertension.  Administration of MVASI will result in a patients having a grade III hypertensive event resulting from the bevacizumab administration.

262.     Claim 1 further recites, "the method further comprising administering to the patient an antihypertensive agent in an amount sufficient to manage the grade III hypertensive event."  For example, Amgen's MVASI Label instructs physicians in Section 5.7 in the management of hypertension.  Amgen's MVASI Label instructs and encourages physicians to administer to the patient an antihypertensive agent in an amount sufficient to manage the grade III hypertensive event.

263.    Claim 1 further recites, "while continuing to treat the patient with bevacizumab, the treatment being carried out without altering the dosing regimen."  For example, Amgen's MVASI Label instructs physicians in Sections 2.4 and 5.7 concerning how to administer MVASI while managing hypertension.  Amgen's MVASI Label instructs and encourages physicians to administer to the patient an antihypertensive while continuing to treat the patient with bevacizumab and without altering the dosing regimen.

264.    As illustrated above, the use of Amgen's MVASI as described in the MVASI Label will infringe claim 1 of the '672 patent.

265.    The use of Amgen's MVASI pursuant to the MVASI Label also will infringe claims 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 13, 14, 15, 16, 17, and 18.

266.    On information and belief, the use of MVASI as described in Amgen's MVASI Label will encourage, suggest, teach, and/or induce the product's use in connection with antihypertensive therapy as claimed in the '672 patent.

267.    Amgen intends to, and will, offer for sale and/or sell within the United States MVASI before the expiration of the '672 patent.

268.    On information and belief, Amgen plans and intends to, and will, actively induce infringement of the '672 patent when it begins commercial marketing of MVASI ████████ ████████████████████████████████

269.    On information and belief, Amgen knows that MVASI and its proposed labeling are especially made or adapted for use in infringing the '672 patent, and that MVASI and its proposed labeling are not suitable for substantial noninfringing use.  On information and belief, Amgen plans and intends to, and will, contribute to infringement of the '672 patent when it

begins commercial marketing of MVASI ███████████████████████████

██████████████

270.     The foregoing actions by Amgen and the submission of Amgen's sBLA to the

FDA to obtain approval to engage in the ██████████████████████████████

██████████ for use in making MVASI before the expiration of the '672 patent constitute

infringement of '672 patent under 35 U.S.C. § 271(e)(2)(C), active inducement of infringement

of the '672 patent under 35 U.S.C. § 271(b), and contribution to the infringement by others of the

'672 patent under 35 U.S.C. § 271(c).

271.     Genentech will be irreparably harmed if Amgen is not enjoined from infringing

one or more claims of the '672 patent.  Genentech is entitled to injunctive relief under 35 U.S.C.

§ 271(e)(4)(B) preventing Amgen from any further infringement.  Genentech has no adequate

remedy at law.

272.     Amgen's █████████████████████████████████████ use of

such drug substance within the United States, offer for sale within the United States of MVASI

made using such drug substance, and/or sale within the United States of MVASI using such drug

substance before the expiration of the '672 patent will cause Genentech injury, entitling

Genentech to damages or other monetary relief under 35 U.S.C. § 271(e)(4)(C).

**Count 25**
**(Infringement and Declaration of Infringement of the '672 Patent**
**Under 35 U.S.C. § 271(b) and (c))**

273.     Plaintiffs incorporate each of the preceding paragraphs as if fully set forth herein.

274.     As illustrated above, Genentech is entitled to a declaration that the use of

Amgen's MVASI as described in the MVASI Label will infringe claim 1 of the '672 patent.

44

275.   Genentech is also entitled to a declaration that the use of Amgen's MVASI pursuant to the MVASI Label will infringe claims 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 13, 14, 15, 16, 17, and 18.

276.   ABP 215 is adapted for infringement of the '672 patent and is not a staple article of commerce.

277.   Amgen will induce or contribute to infringement of the '672 patent in violation of 35 U.S.C. § 271(b)-(c) by offering for sale, and/or selling ABP 215 ███████████  ███████  in the United States.

278.   Unless Amgen is enjoined from infringing the '672 patent, Genentech will suffer irreparable injury.  Genentech has no adequate remedy at law.


WHEREFORE, Plaintiffs request the following relief:

(a)   A judgment that Amgen and/or Immunex have infringed the patents in suit.

(b)   Damages pursuant to 35 U.S.C. § 271(e)(4)(C), if applicable, in the form of lost profits but in no event less than a reasonable royalty.

(c)   Damages in the form of lost profits but in no event less than a reasonable royalty on past and future infringing conduct and/or sales;

(d)   A judgment that the infringement has been willful and an enhancement of damages.

(e)   An award for an accounting of damages from Amgen and Immunex's infringement;

ME1 30014244v.1

(f)    Preliminary and/or permanent equitable relief, including pursuant to 35 U.S.C. § 271(e)(4)(B), including but not limited to a preliminary and permanent injunction that enjoins Amgen, its officers, partners, agents, servants, employees, parents, subsidiaries, affiliate corporations, other related business entities, and all other persons acting in concert, participation, or in privity with them and/or their successors or assigns from infringing the patents in suit, or contributing to the same, or actively inducing anyone to do the same, by acts including the manufacture, use, offer to sell, sale, distribution, or importation of any current or future versions of a product that infringes, or the use or manufacturing of which infringes the patents in suit;

(g)    A declaration that this is an exceptional case and an award of attorneys' fees pursuant to 35 U.S.C. § 285 and 35 U.S.C. § 271(e)(4);

(h)    An award of Plaintiffs' costs and expenses in this action; and

(i)    Such further relief as this court may deem just and proper.

ME1 30014244v.1

## JURY DEMAND

Plaintiffs Genentech, Inc. and City of Hope, by and through their undersigned counsel, hereby demand, pursuant to Fed. R. Civ. P. 38, a trial by jury on all claims so triable in this action.

DATED: March 29, 2019

MCCARTER & ENGLISH, LLP

/s/ Daniel M. Silver
Michael P. Kelly (#2295)
Daniel M. Silver (#4758)
Alexandra M. Joyce (#6423)
Renaissance Centre
405 N. King Street, 8th Floor
Wilmington, Delaware 19801
Tel.: (302) 984-6300
Fax: (302) 984-6399
mkelly@mccarter.com
dsilver@mccarter.com
ajoyce@mccarter.com

*Of Counsel*:

Paul B. Gaffney
David I. Berl
Thomas S. Fletcher
Kyle E. Thomason
Charles L. McCloud
Teagan J. Gregory
Kathryn S. Kayali
Jonathan S. Sidhu
D. Shayon Ghosh*
Jingyuan Luo**
Sumeet P. Dang
Williams & Connolly LLP
725 Twelfth St. NW
Washington, DC 20005
(202) 434-5000

*Attorneys for Plaintiffs Genentech, Inc. and City of Hope*

*Admitted only in CA and NY. Practice supervised by D.C. Bar members pursuant to D.C. Court of Appeals Rule 49(c)(8).
**Admitted only in CA. Practice supervised by D.C. Bar members pursuant to D.C. Court of Appeals Rule 49(c)(8).

*Attorneys for Plaintiff Genentech, Inc.*

Daralyn J. Durie
Adam R. Brausa
Eric C. Wiener
Eneda Hoxha
DURIE TANGRI
271 Leidesdorff Street
San Francisco, CA 94111

*Attorneys for Plaintiffs Genentech, Inc. and City of Hope*

ME1 30014244v.1